## REYNOLDS v. DECKER.

(Court of Appeals of District of Columbia. Submitted January 5, 1927. Decided March 7, 1927.)

No. 4468.

Courts ⬦189(15)—Judgment of municipal court held not subject to collateral attack by judgment debtor, in suit by judgment creditor to reach equitable interest in realty.

Where plaintiff obtained judgments against defendant in two actions in the municipal court of the District of Columbia, and thereafter brought suit in the Supreme Court of the District to reach an equitable interest of defendant, judgment debtor, in certain real estate, held, defendant in such suit could not collaterally attack the judgments previously rendered against him in the municipal court; no fraud in their procurement being alleged.

Appeal from the Supreme Court of the District of Columbia.

Suit by Elmer C. Decker against Thomas M. Reynolds. From a decree for plaintiff, defendant appeals. Affirmed.

S. L. McLaurin and E. G. Hubert, both of Washington, D. C., for appellant.

C. E. Wainwright, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from a decree of the lower court sustaining and enforcing a creditor's bill brought by a judgment creditor to reach an equitable interest in real estate of the judgment debtor.

It appears from the record that Decker sued Reynolds in the municipal court of the District of Columbia, claiming damages in the sum of $495.02, upon the ground that the defendant had agreed in writing to do the construction work on a certain house to be erected for plaintiff, and had failed to fully perform the contract, whereby plaintiff was compelled to complete the construction at his own expense; and in a second case between the parties in the same court Decker claimed additional damages from Reynolds in the sum of $500, upon the ground that after the completion of the structure by Decker, and after the filing of the former suit, certain defects became apparent in the construction in so far as it had been completed by the defendant.

It appears that these cases were tried together by the municipal court on July 3, 1925, and a judgment for $495.02 and interest was rendered for plaintiff in the first case, and judgment for $500 and interest was rendered for plaintiff in the second case. These judgments were docketed in the law dockets of the Supreme Court of the District, and writs of execution were issued upon them. The writs were returned indorsed nulla bona, and the judgments were never paid in whole or part.

Thereupon Decker, the judgment creditor, commenced the instant suit in the Supreme Court of the District, setting out the unpaid judgments, and alleging that Reynolds was the owner of an equitable interest in certain described real estate within the District, and praying that a trustee be appointed to sell the same for the payment of the judgments. The defendant filed an answer in which he failed to deny the rendition of the pleaded judgments, nor did he allege payment of the same; whereupon the court found for the plaintiff, appointed a trustee, and ordered a sale of defendant's interest in the described premises. The defendant by his attorney then consented of record to this decree.

Afterwards the defendant filed a petition in the case, praying that the judgment for $500 aforesaid should be stricken from the files, upon the ground that the alleged construction contract was not in force between the parties, that the work was not carried on under the plans and specifications as alleged in the contract, that the contract was invalid, because of changes in the entire work by

plaintiff, and that, for these and similar reasons affecting the contract, the court proceedings in the municipal court were erroneous. The defendant prayed that a restraining order be issued to prevent the sale of his property as already ordered. The sale was nevertheless made by the trustee, and defendant then filed a petition to set it aside upon substantially similar grounds as those set out in his prior petition. A motion to set aside the judgments and decree for the sale of the property was also filed by defendant upon like grounds.

The court overruled the petition and motion of defendant, and confirmed the sale of defendant's interest and estate in the realty, as made and reported by the trustee. The present appeal was taken from these rulings.

We think that the appeal cannot be sustained. Leaving out of view for the present the consent of the defendant entered of record to the decree in question, it is manifest that the defendant was not entitled to impeach collaterally the judgments entered against him in the municipal court, by means of pleadings filed in the present suit in aid of execution in the Supreme Court of the District. The judgments were entered by a court having jurisdiction of the cause of action involved in each case, as well as over the person of the defendant. No fraud is alleged in the procurement of the judgments. They are therefore not subject to collateral impeachment. 34 Corpus Juris, 511; Hunter v. United States, 48 App. D. C. 19. In Mattingly v. Nye, 8 Wall. 370, 19 L. Ed. 380, it was held by the Supreme Court, in an appeal from the District of Columbia, that a judgment for money due, at a certain time, against the party making the settlement, is conclusive in respect to the parties to it. It cannot be impeached collaterally, and it cannot be questioned upon a creditor's bill.

The decree of the lower court is accordingly affirmed, with costs.